# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ANDREW LIST, BAR NO. 6725.

No. 77707

FILED

FEB 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Andrew List. Under the agreement, List admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.1 (meritorious claims and contentions), and RPC 3.4 (fairness to opposing party and counsel), and agreed to a 90-day suspension.

List has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that List violated the above-listed rules by failing to diligently participate in or file documents or respond to motion practice on behalf of four clients; by failing to communicate with those clients or respond to requests for information; by filing a petition to terminate parental rights without a good faith belief in the merits of the petition; and by failing to appear at two court hearings and failing to respond to two court orders.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the

appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

List has admitted to knowingly violating duties owed to his clients (diligence and communication), the legal system (meritorious claims and contentions), and the legal profession (fairness to opposing party and counsel). List's clients were injured or potentially injured by his lack of diligence and communication. Further, the legal system and the profession were injured. The baseline sanction before considering aggravating and mitigating circumstances is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"); Standard 6.22 ("Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding").[1] The record supports the panel's findings of two aggravating circumstances (pattern of misconduct and substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, absence of dishonest or selfish motive, and cooperative

---

[1]While Standard 6.22 particularly addresses the violation of a court order, 6.2 provides that the sanctions in that section "are generally appropriate in cases involving failure to . . . bring a meritorious claim" as well as cases involving a "failure to obey any obligation under the rules of a tribunal." *Compendium of Professional Responsibility Rules and Standards*, Standard 6.2.

attitude toward the proceeding by submitting the conditional guilty plea agreement). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Andrew List for 90 days from the date of this order. List shall reimburse Karen Sanchez $500 within 60 days from the date of this order. Additionally, List shall complete 10 CLE credits in law office management, or ethics if law office management classes are unavailable, in addition to his annual requirement, within 12 months from the date of this order, unless List is placed on inactive status within 30 days of his reinstatement, in which case the additional credits need not be completed until he returns to active status. List shall notify the Office of Bar Counsel upon completion of those credits. Lastly, List shall pay the costs of the bar proceedings, including $2,500 under SCR 120, within 60 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                              Hardesty

_____, J.          _____, J.
Parraguirre                                           Stiglich

_____, J.          _____, J.
Cadish                                                   Silver

 

cc: Chair, Northern Nevada Disciplinary Board
Andrew List
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A